v. Zacharie, 6 Pet. [31 U. S.] 348, and by Mr. Justice Story, in Boy:e v. Zacharie, Id. 642, it seems to me, ought to terminate all further discussion upon that point. At all events, the question is at rest in this court, and must remain so for the present, unless it shall be revised by the supreme judicial tribunal of the country. Demurrer sustained. Plea in bar adjudged bad.

---

*STEVENSON (UNITED STATES v.).* See Cases Nos. 16,395–16,398.

---

## Case No. 13,418.

### In re STEWART.

[1 N. B. R. 278 (Quarto, 42); [1] 1 Am. Law T. Rep. Bankr. 16; 15 Pittsb. Leg. J. 222.]

District Court, N. D. Alabama. Feb., 1868.

BANKRUPTCY — SECURED CREDITOR — ORDER TO SELL SECURITY — PROOF OF BALANCE DUE.

A creditor who has a mortgage may apply to the bankrupt court to have the property covered by his lien sold, the proceeds to be applied to the payment of his debt. Should the security fail to satisfy the claim, such creditor may be allowed to prove for the part remaining unpaid, and obtain a dividend thereon.

[Cited in Given v. Smith, Case No. 5,467; Re Brinkman, Id. 1,884; Sutherland v. Lake Superior Ship Canal, Railroad & Iron Co., Id. 13,643; Re Flanagan, Id. 4,850.]

In the proceedings before the register in this case, Joseph W. Burke, the question arose respecting the disposition of certain mortgaged property of the petitioner, and upon the request of the assignee, the register certified the question to the judge. He certified that the bankrupt, Taylor R. Stewart, filed his petition in bankruptcy on the 4th day of September, 1867, enumerating in his schedule as a creditor "holding security," William Echols, said security being specified as follows: "A deed of trust given to John G. Coltart, to secure George W. Jones and John W. Scruggs, securities for the land mentioned in Schedule B—1." It appears that in the year 1860, the bankrupt, as joint purchaser with one William R. Stewart, bought from Echols the land described in Schedule B—1, giving in payment therefor four promissory notes, each for the sum of $312.50, and payable respectively, in one year, two, three, and four years after date. On those notes George W. Jones and John W. Scruggs were sureties, and to secure them in the liability thus incurred, the bankrupt and his joint tenant made to John G. Coltart a deed in trust, providing that if any of the said notes should fail to be paid at maturity, the land should be sold by the trustee and the proceeds appropriated to the payment of the debt of Echols. The first three notes were paid at maturity; the last remains unpaid, and is the debt specified in

[1] [Reprinted from 1 N. B. R. 278 (Quarto, 42), by permission.]

the bankrupt's schedule as due William Echols. Although the creditor Echols is not mentioned as a party to the deed, its terms distinctly prescribe that the proceeds of the property, covered by it, shall be devoted to the payment of his debt, the object seeming to be to secure for the creditor the personal security of Jones and Scruggs, as well as the equitable security afforded by the terms of the deed.

It is well settled that a creditor is entitled *to the benefit of the indemnity held by the* surety, and can seek in equity to be subrogated to his rights, reach the security, and satisfy his debt. In this sense Echols is secured, as no act of the bankrupt or of the sureties can defeat his equity under the terms of the deed. If the question presented no other feature, and if the security appeared to be sufficient only to pay the debt, the assignee might, under the direction of the court as prescribed in the seventeenth and twentieth sections of the bankrupt act [of 1867; 14 Stat. 524, 526], release all claim to the security upon agreement with the creditor properly controlling the same, but the great difference in the value of the property covered by the deed of trust at the time of its purchase, specified at $1,200, and the present estimated value ($100) set forth in the schedule of the bankrupt, affords in my judgment a proper subject of inquiry. The first section of the bankrupt act provides that the jurisdiction of the district courts of the United States in bankruptcy shall extend to "the collection of the bankrupt's assets and the ascertainment and liquidation of the liens and other specific claims thereon." Section 14 prescribes that "the assignee shall have authority under the order and direction of the court to redeem or discharge any mortgage or conditional contract, pledge or deposit, or lien on any property, real or personal, whenever payable, and to tender due performance of the condition thereof, or to sell the same, subject to such mortgage, lien, or other incumbrance." The jurisdiction thus conferred on the court, and the authority given to the assignee under its instructions, in my opinion refers to all liens existing on the property of the bankrupt. If a creditor has a mortgage or pledge for his debt, he may apply to the court to have the same sold, the proceeds thereof applied towards the payment of his debt pro tanto, and if the debt is not fully satisfied out of the security, may prove for the residue. In like manner may the assignee, acting in the general interest of the creditors, apply to have the lien ascertained and liquidated, or for an order directing the sale of the property held as security for any debt existing or provable under the bankruptcy, as the most correct means of ascertaining its true value, and out of the funds in his hands, derived from the sale, may pay to the creditor the amount of his debt covered by the security. By these

means the correct status of the creditor may be determined, and should the security fail to satisfy his debt, he may be admitted to prove the part remaining unpaid, and obtain his just proportion of the bankrupt's assets. The register further certified that it was his opinion, that the assignee should apply for an order directing the sale of the property, holding the fund obtained therefrom subject to the lien of this creditor properly asserted in equity, and to the order of the court.

BUSTEED, District Judge, agreed in the conclusions at which the register arrived, and directed the necessary order for the sale of the property by the assignee, to be entered on the proper application.

## Case No. 13,419.

### In re STEWART.

[3 N. B. R. 108 (Quarto, 28).] [1]

District Court, W. D. Texas. 1869.

BANKRUPTCY—VOLUNTARY AND INVOLUNTARY PROCEEDINGS — ADJUDICATION — MOTION TO SET ASIDE—SCHEDULES.

Creditors petitioned to have debtor declared bankrupt; process issued thereupon, and bankrupt, by indorsement on copy of said petition served upon him, admitted the truth of the allegations therein contained, except as to those of fraud, and before the day to appear and show cause, the bankrupt filed his voluntary petition in the same court and was adjudicated bankrupt by proper register. On motion to set aside the said adjudication of bankruptcy as void, *held*, that the same was nugatory and of no effect pending the proceeding in involuntary bankruptcy. Adjudication accordingly set aside and debtor adjudged bankrupt by the court on petition of creditors, and schedules previously filed by him ordered to be held as filed under such adjudication.

[Cited, but not followed, in Re Flanagan, Case No 4,850.]

[In the matter of R. R. Stewart, a bankrupt.]

DUVAL, District Judge. On the 4th June, 1868, Zenia, Aldrich & Co., as creditors, filed their petition praying that Stewart should be adjudged a bankrupt, and alleging the commission of certain acts as grounds therefor. Process was issued, requiring said Stewart to appear, on the 2d day of November, instant, and show cause why the prayer of the petition should not be granted. On the 27th day of August, 1868, the said Stewart, by an indorsement on the copy of the creditor's petition, served upon him, admitted that all the statements, charges, and allegations in said petition were true, except those of fraud. Before the time had elapsed in which he was called upon to appear and answer, the said Stewart, to wit, on the 12th day of October, 1868, filed his petition in voluntary bankruptcy, and such proceedings were had thereon that on the 27th of October, 1868, he was adjudged

a bankrupt on his own petition by Mr. Register Whitmore. The attorneys of Zenia, Aldrich & Co. now move the court to consolidate the two cases named above, or to declare and adjudge that the adjudication of Stewart, as a bankrupt, on his voluntary petition, be set aside and held for nought, and the case of the creditors held for trial. It never was intended by the bankrupt act [of 1867; 14 Stat. 517], and no correct rule of practice can tolerate it, that when a creditor has instituted proceedings to force his debtor into bankruptcy, that such debtor should be allowed to become a bankrupt, and be adjudicated as such on his own petition, before a determination of the creditor's petition. To permit such a practice might work a most flagrant wrong upon the rights of a petitioning creditor. I think, therefore, that the adjudication of Stewart, as a bankrupt, on his own petition, when the application of the creditors, Zenia, Aldrich & Co., for that purpose, was pending, undetermined, was nugatory and void, and the same is ordered to be set aside.

The court, entertaining alone the creditor's petition, and looking to the charges therein contained, the admissions of Stewart made in reply thereto, and the fact of his application, voluntarily made, to be adjudged a bankrupt, finds the allegations in said petition to be true, and adjudges him a bankrupt thereon accordingly. And, inasmuch as the said bankrupt has filed, with his voluntary petition, full and complete schedules of his property, liabilities, etc., it is ordered that they be held and regarded as if filed under adjudication of bankruptcy made against him on said creditor's petition, and have the same binding and legal effect.

It is further ordered that such other and further proceedings be had as the bankrupt law requires in cases of involuntary bankruptcy, and as may be applicable in, and proper to this case.

## Case No. 13,420.

### In re STEWART et al.

[13 N. B. R. 295; 2 N. Y. Wkly. Dig. 3.] [1]

District Court, Georgia.[2] 1875.

BANKRUPTCY—EXEMPTION—PARTNERSHIP ESTATE.

No individual exemption can be allowed out of the partnership estate at the expense of the joint creditors.

[Cited in Re Boothroyd, Case No. 1,652; Re Corbett, Id 3,220; Re Hughes, Id. 6,842.]

Certified question, from Mr. Register Murray, on claim of John O. Stewart for homestead and exemption.

Speer & Stewart, for bankrupt.

R. H. Johnston and D. N. Martin, for objecting creditors.